UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARC ANTWAIN X. RIVERS MUHAMMAD, SR., | : | **CIVIL NO. 3:10-CV-2374** |
| | : | (Judge Caputo) |
| Plaintiff | : | |
| | : | (Magistrate Judge Smyser) |
| v. | : | |
| | : | |
| VINCENT CAPPELLINI, LUZERNE COUNTY CHILDREN & YOUTH SERVICES, LUZERNE COUNTY COURT OF COMMON PLEAS ORPHANS COURT, THE SUPERIOR COURT OF PENNSYLVANIA, THE SUPREME COURT OF PENNSYLVANIA and JOHN BELLINO, | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

I. Background and Procedural History.

The plaintiff commenced this action by filing a complaint on November 17, 2010.

The defendants named in the complaint are: 1) Vincent Cappellini, Esquire; 2) the Luzerne County Children and Youth

Services (CYS); 3) the Luzerne County Court of Common Pleas Orphan's Court Division; 4) the Superior Court of Pennsylvania; 5) the Supreme Court of Pennsylvania; and 6) John A. Bellino, Esquire.

The plaintiff alleges the following facts in the complaint.

The plaintiff is the biological father of Alonzo Darrell Tristian Allen (Alonzo). In May of 2002, the plaintiff was incarcerated and Alonzo was taken from his biological mother by the Luzerne County Court of Common Pleas and CYS. Alonzo was placed with his mother's relatives. The plaintiff filed numerous actions challenging the dependency determination and seeking to have Alonzo placed with his relatives. After completing the services recommended by CYS, the plaintiff sought contact with his son.

Despite the fact that the plaintiff had complied with the directives and recommendations of CYS, in March of 2006, CYS filed a petition to terminate the parental rights of the

2

plaintiff.  Defendant Cappellini was subsequently appointed as counsel to represent the plaintiff during the termination of parental rights proceedings.  On June 21, 2007, Judge Conahan terminated the parental rights of the plaintiff to Alonzo.[1]

Defendant Bellino was appointed as the Guardian ad Litem for Alonzo but he failed to act in the best interests of Alonzo as he did not ensure that the plaintiff received due process during the termination proceedings.

Alonzo was subsequently placed for adoption and has been adopted.

The plaintiff unsuccessfully appealed the termination his parental rights to the Pennsylvania Superior Court and then to the Pennsylvania Supreme Court.  On appeal the plaintiff claimed that defendant Cappellini provided ineffective assistance of counsel.  The plaintiff claims that defendant Cappellini was ineffective by not presenting evidence to

---

1. Alonzo's biological mother's parental rights were also terminated.

contradict the testimony of a psychologist, a psychiatrist and the CYS case workers during the termination proceedings. Neither the Pennsylvania Superior Court nor the Pennsylvania Supreme Court addressed the plaintiff's ineffective assistance of counsel claim.

The plaintiff claims that the defendants engaged in a conspiracy to deprive him of his Sixth Amendment right to effective assistance of counsel and his due process and equal protection rights in connection with the termination proceedings. The plaintiff asserts claims pursuant to 42 U.S.C. §§ 1983 and 1985.

As relief, the plaintiff is seeking a judgment declaring that defendant Cappellini provided ineffective assistance of counsel during the state court parental termination proceedings. The plaintiff is also seeking an order vacating the termination of his parental rights, vacating the adoption of Alonzo and granting him physical and legal custody of Alonzo. The plaintiff further seeks nominal, compensatory and punitive damages.

4

II. Pleading Standards.

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). The statement required by Rule 8(a)(2) need only give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, more is required than labels, conclusions and a formulaic recitation of the elements of a cause of action. *Id.* "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside,* 578 F.3d 203, 211 (3d Cir. 2009). "A complaint has to "show" such an entitlement with its facts." *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft, supra,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume

their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft, supra,* 129 S.Ct. at 1949 (quoting *Twombly*, *supra,* 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Some claims will demand relatively more factual detail to satisfy this standard, while others require less." *In re Insurance Brokerage Antitrust Litigation,* 618 F.3d 300, 320 n.18 (3d Cir. 2010).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted

6

by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

III. Discussion.

We review the complaint pursuant to 28 U.S.C. § 1915(e)(2) which provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that -
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal -
>    (i) is frivolous or malicious
>    (ii) fails to state a claim upon which relief may be granted; or
>    (iii) seeks monetary relief against a defendant who is immune from such relief.

The plaintiff claims that the defendants violated his Sixth Amendment right to the effective assistance of counsel. The Sixth Amendment, however, by its terms applies only in criminal prosecutions. Therefore, the Sixth Amendment is not applicable to parental termination proceedings.

7

The plaintiff also claims that he was denied due process and equal protection of the laws in connection with the termination proceedings and subsequent appeals. However, this court does not have jurisdiction to hear those claims based on the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine embodies the principles set forth in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Section 1257 of Title 28 of the United States Code confers on the United States Supreme Court appellate jurisdiction to review final judgments of the states' highest courts. The *Rooker-Feldman* doctrine is the doctrine that, by negative implication, inferior federal courts lack subject matter jurisdiction to review final judgments of the states' highest courts. *E.B. v. Verniero*, 119 F.3d 1077, 1090 (3d Cir. 1997). "Under the *Rooker-Feldman* doctrine, a district court is precluded from entertaining an action, that is, the federal court lacks subject matter jurisdiction, if the relief requested effectively would reverse a state court decision or void its ruling." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d

8

181, 192 (3d Cir. 2006). "[A]pplication of the *Rooker-Feldman* doctrine is necessarily limited to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* (quoting *Exxon Mobil Corp. V. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005)).

The plaintiff in the instant case was the losing party in the state court termination proceedings. The plaintiff claims that he was denied due process and equal protection in connection with the termination proceedings and subsequent appeals. For the plaintiff to succeed on his claims in this court, this court would be required to determine that the state court decision was wrongly decided. However, this Court is precluded by the *Rooker-Feldman* Doctrine from doing so.[2]

---

2. In addition, the plaintiff's claims against the Luzerne County Court of Common Pleas, the Superior Court of Pennsylvania and the Supreme Court of Pennsylvania are barred by the Eleventh Amendment. *See Benn v. First Judicial District of Pennsylvania*, 426 F.3d 233, 241 (3d Cir. 2005)(holding that a Pennsylvania court is a state entity entitled to immunity from suit in federal court pursuant to the Eleventh Amendment).

Before dismissing a complaint pursuant to the screening provisions of 28 U.S.C. § 1915A, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3rd Cir. 2002). In the instant case, amendment would be futile.

IV. Recommendations.

Based on the foregoing, it is recommended that the complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: December 8, 2010.