# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARC ANTWAIN X. RIVERS
MUHAMMAD, SR.,

    Plaintiff,

             v.

VINCENT CAPPELLINI, LUZERNE
COUNTY CHILDREN & YOUTH
SERVICES, LUZERNE COUNTY
COURT OF COMMON PLEAS
ORPHANS COURT, THE SUPERIOR
COURT OF PENNSYLVANIA, THE
SUPREME COURT OF
PENNSYLVANIA and JOHN BELLINO,

    Defendants.

CIVIL ACTION NO. 3:10-CV-2374

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SMYSER)

## MEMORANDUM

Presently before the Court is Magistrate Judge Smyser's Report and Recommendation ("R & R") of December 8, 2010 (Doc. 6) and Plaintiff's Objections (Doc. 7). Magistrate Judge Smyser recommended that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Because some of Plaintiff's claims are barred on jurisdictional and immunity issues, but others could be amended so that they state a claim upon which relief can be granted, Magistrate Judge Smyser's R & R to dismiss the complaint will be adopted in part and rejected in part.

### I. Background

All facts are stated in the light most favorable to Plaintiff.

In May of 2002, while Marc Antwain X. Rivers Muhammad, Sr., was incarcerated, Luzerne County Children and Youth Services ("LCCYS") took custody of his son away from the child's biological mother. LCCYS also ordered that Muhammad have no contact with

his son. Muhammad eventually sought contact with his son and went through a process of completing Drug and Alcohol Education and Violence Prevention training, as recommended by LCCYS.

In March of 2006, LCCYS filed a petition to terminate the parental rights of Muhammad and the child's biological mother. Defendant Vincent Cappellini was appointed as counsel to represent Muhammad during the termination of parental rights proceedings. Defendant John Bellino was appointed as the child's guardian ad litem. On June 21, 2007, Judge Conahan terminated the parental rights of Muhammad and the mother. The child was subsequently placed for adoption and has since been adopted.

Muhammad unsuccessfully appealed his parental rights to the Pennsylvania Superior Court and then to the Pennsylvania Supreme Court. On appeal, Muhammad claimed that Cappellini provided ineffective assistance of counsel because he failed to present evidence to contradict the testimony of a psychologist, a psychiatrist, and the LCCYS case workers during the termination proceedings. Neither the Pennsylvania Superior Court nor the Pennsylvania Supreme Court addressed Muhammad's ineffective assistance of counsel claims.

Muhammad filed a complaint with the Middle District of Pennsylvania on November 17, 2010. Muhammad asserts claims under 42 U.S.C. §§ 1983, 1985(2)-(3), the Sixth Amendment, and the Fourteenth Amendment Due Process and Equal Protection Clauses of the U.S. Constitution. As relief, Muhammad is seeking a judgment declaring that Cappellini provided ineffective assistance of counsel during the state court parental termination proceedings. Muhammad is also seeking an order vacating the termination of his parental rights, vacating the adoption of his son, and granting Muhammad physical and

legal custody of the boy. Finally, Muhammad seeks nominal, compensatory, and punitive damages.

Magistrate Judge Smyser reviewed the claim pursuant to 28 U.S.C. § 1915(e)(2) which provides that for proceedings in forma pauperis:

> [T]he court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Magistrate Judge Smyser filed his R & R on December 8, 2010 (Doc. 6) and Muhammad responded with objections on December 21, 2010 (Doc. 7.)

## II. Standards of Review

**A.     Objections to the Magistrate Judge's Report**

Where objections to the magistrate judge's report are filed, the Court must conduct a *de novo* review of the contested portions of the report, *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(c), provided the objections are both timely and specific, *Goney v. Clark*, 749 F.2d 5, 6-7 (3d Cir. 1984). In making its *de novo* review, the Court may accept, reject, or modify, in whole or in part, the factual findings or legal conclusions of the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *Owens v. Beard*, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Although the review is *de novo*, the statute permits the Court to rely on the recommendations of the magistrate judge to the extent it deems proper. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980); *Goney*, 749 F.2d at 7; *Ball v. United States Parole Comm'n*, 849 F. Supp. 328, 330 (M.D. Pa. 1994). Uncontested portions of the report may be reviewed at a standard determined by the district court. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985); *Goney*, 749 F.2d at 7. At the very least, the

Court should review uncontested portions for clear error or manifest injustice. *See, e.g., Cruz v. Chater*, 990 F. Supp. 375, 376-77 (M.D. Pa. 1998).

**B.     Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556); *see also Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (requiring a complaint to set forth information from which each element of a claim may be inferred). In light of Federal Rule of Civil Procedure 8(a)(2), the statement need only "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555). "[T]he factual detail in a complaint [must not be] so undeveloped that it does not provide a defendant [with] the type of notice of claim which is contemplated by Rule 8." *Phillips*, 515 F.3d at 232; *see also Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). Although the standards of pleading are more liberal for *pro se* litigants like Muhammad, "*pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim." *Ireland v. McDaniel*, No. 10-387, 2011 WL 860390, at *2 (W.D. Pa. Jan. 27, 2011) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th

Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996).

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n.13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions,'" *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

When considering a Rule 12(b)(6) motion, the Court's role is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. *See Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States,* 220 F.3d 169, 178 (3d Cir. 2000).

## II. Discussion

The Recommendations made by Magistrate Judge Smyser will be adopted with the exception that the Court will grant leave to Muhammad to amend his complaint.

5

**A. *Rooker-Feldman* Doctrine**

Muhammad first objects to Magistrate Judge Smyser's recommendation that Muhammad's claims be dismissed on the basis of the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994); *see also Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)*; D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983). The doctrine is based on the idea that only the Supreme Court of the United States has jurisdiction to "reverse or modify" a state-court judgment. *Rooker*, 263 U.S. at 416.

The *Rooker-Feldman* doctrine is applicable to some of Muhammad's claims here, but not all of them. The Court clearly does not have jurisdiction to grant some of the relief sought by Muhammad: issuing a declaratory judgment regarding ineffective assistance of counsel or vacating the decisions of the Pennsylvania Superior Court regarding Muhammad's parental rights would require the Court to reverse the state court judgment. Muhammad correctly argues, however, that his claim for damages is not barred by the *Rooker-Feldman* doctrine. His claims for damages under § 1983 and §1985 do not require the reversal or modification of a state court judgment; rather, they present "independent constitutional claims" that an alleged conspiracy violated his right to Due Process and Equal Protection during the course of the state court litigation. *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159 (3d Cir. 2010) (rejecting a *Rooker-Feldman* doctrine argument to hold that a district court had jurisdiction over plaintiff's § 1983 claim that its

state court losses were based on a conspiracy between the defendants and the legislature). Thus, Muhammad's claims for damages under § 1983 and § 1985 will not be dismissed under *Rooker-Feldman*. All his other claims, however, will be dismissed.

**B. Immunity & State Action Issues**

Muhammad also challenges Magistrate Judge Smyser's determination that Defendants Luzerne County Court of Common Pleas Orphan Courts ("LCCCP"), the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania are immune from suit under the Eleventh Amendment of the U.S. Constitution. The Supreme Court has interpreted the Eleventh Amendment as precluding suits by citizens against a state government. *See, e.g.*, *Edelman v. Jordan*, 415 U.S. 662-63 (1974); *see also* U.S. Const. amend. XI. The Eleventh Amendment also bars suits against state entities, including Pennsylvania state courts. *Benn v. First Jud. Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). Muhammad argues that Congress has the power to abrogate the Eleventh Amendment, citing *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976). *Fitzpatrick*, however, did not apply to § 1983 and § 1985–it held that Congress had authorized suits directly against states under Title VII of the Civil Rights Act of 1964. *Id.* at 448. In fact, the Supreme Court has rejected the idea that the Eleventh Amendment does not apply to § 1983, *Quern v. Jordan*, 440 U.S. 332, 345 (1979), and this would logically apply to § 1985 as well, because both statutes are part of the Reconstruction Civil Rights Acts and were passed with the same congressional intent, *see Gannon v. Action*, 303 F. Supp. 1240, 1244 (D.C. Mo. 1969). Therefore, the Eleventh Amendment bars Muhammad from filing suits against LCCCP, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania. These claims will be dismissed.

Muhammad's claim against Defendant Bellino must also be dismissed on immunity grounds. Under the doctrine of absolute judicial immunity, a plaintiff may not sue a judicial defendant for money damages based on actions taken within the defendant's judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.") In the Third Circuit, a guardian ad litem is considered a judicial actor entitled to absolute judicial immunity. *Hughes v. Long*, 242 F.3d 121, 127 (3d Cir. 2001) (citations omitted). Guardians ad litem act in their judicial capacity when "exercising such functions as . . . making reports and recommendations to the court." *Gardner v. Parson*, 874 F.2d 131, 146 (3d Cir. 1989). Because Muhammad has filed suit against Bellino for damages based on actions Bellino took while acting in his judicial capacity as a guardian ad litem, Bellino has absolute immunity from suit and all claims against Bellino will be dismissed.

Muhammad's claim against Defendant Cappellini under § 1983 must be dismissed because Cappellini is not a state actor. Section 1983 allows suits for damages against individuals who violate a plaintiff's constitutional rights while acting "under color of law." 42 U.S.C. § 1983. The Supreme Court has interpreted "under color of law" to require that a defendant in a § 1983 suit be a state actor. *United States v. Price*, 383 U.S. 787, 794 n.7 (1966). Even though court-appointed attorneys are employed by the state, they do not constitute state actors under § 1983. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (holding that public defender is not state actor because he owes loyalty to criminal

defendant, not state); *Goodson v. Maggi*, No. 08-44, 2011 WL 2533015, at *5 (W.D. Pa. Jun. 3, 2011) (holding that attorney appointed to represent father in placement proceedings involving his daughter is not state actor under § 1983). Because Cappellini does not qualify as a state actor, he is immune from suit under § 1983, and the § 1983 claim against him will be dismissed.

**C. Failure to State a Claim Upon Which Relief Can Be Granted**

Muhammad's remaining claims are a § 1983 claim for damages against LCCYS and a § 1985 claim for damages against Cappellini and LCCYS. These claims must be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

Under § 1983, a municipal agency like LCCYS cannot be held liable for the actions of its employees. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). They can only be held liable where a constitutional tort was caused by action pursuant to an official policy. *Id.* Muhammad fails to allege a particular policy, custom, or practice of LCCYS that caused a constitutional violation. Therefore, the claim will be dismissed.

To state an obstruction of justice claim under § 1985(2), a plaintiff must allege "a conspiracy with the purpose of impeding, hindering, or obstructing, or defeating in any manner, the due course of any justice in any State or Territory, with intent to deny any citizen the equal protection of the laws." 42 U.S.C. § 1985(2). The plaintiff must also allege a "class-based, invidiously discriminatory animus." *Brawer v. Horowitz*, 535 F.2d 830, 840 (3d Cir. 1976). To state a claim under § 1985(3), a plaintiff must allege:

> (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of

persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

*Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *see also Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971).  Here, Muhammad has alleged a conspiracy, but has failed to state any particular facts that would support a plausible claim of conspiracy or any act in furtherance of the conspiracy.  He has also failed to state any racial or class-based animus.  Based on these omissions, Muhammad's claims will be dismissed for failure to state a claim.

## D. Leave to Amend

Magistrate Judge Smyser did not recommend granting the Plaintiff leave to amend his complaint, determining that amendment would be futile.  This determination, however, was based on the idea that all claims were barred under the *Rooker-Feldman* doctrine.  Because Muhammad's claims under § 1983, § 1985(2), and § 1985(3) could be amended so that they state a claim upon which relief can be granted, Muhammad will be granted leave to amend his complaint.  Muhammad should be advised, however, that if he fails to amend his complaint in accordance with this order, the action will be dismissed.

## CONCLUSION

For the reasons stated above, the Magistrate Judge's R&R will be adopted in part and rejected in part.

 7/25/2011                                                                       /s/ A. Richard Caputo
Date                                                                                   A. Richard Caputo
                                                                                            United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MARC ANTWAIN X. RIVERS MUHAMMAD, SR., | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 3:10-CV-2374 |
| VINCENT CAPPELLINI, LUZERNE COUNTY CHILDREN & YOUTH SERVICES, LUZERNE COUNTY COURT OF COMMON PLEAS ORPHANS COURT, THE SUPERIOR COURT OF PENNSYLVANIA, THE SUPREME COURT OF PENNSYLVANIA and JOHN BELLINO, | : (JUDGE CAPUTO) : (MAGISTRATE JUDGE SMYSER) |
| Defendants. | : |

## ORDER

**NOW**, this  25th  day of July, 2011, after consideration of Magistrate Judge Smyser's Report and Recommendation recommending that Plaintiff's Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), as well as Plaintiff's Objections, **IT IS HEREBY ORDERED THAT**:

1. The Report and Recommendation (Doc. 6) is **ADOPTED IN PART** and **REJECTED IN PART.**

2. The Complaint (Doc. 1) is **DISMISSED**.

3. The Plaintiff has twenty-one days from the date of this order to file an amended complaint. Failure to do so will result in the dismissal of this case.

                                                  /s/ A. Richard Caputo
                                                  A. Richard Caputo
                                                  United States District Judge