**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

MARC ANTWAIN X. RIVERS
MUHAMMAD, SR.,

    Plaintiff,

                    CIVIL ACTION NO. 3:10-CV-2374

    v.

GERRY LYNN BUTLER,
VINCENT CAPPELLINI, LUZERNE      (JUDGE CAPUTO)
COUNTY CHILDREN & YOUTH
SERVICES, LUZERNE COUNTY       (MAGISTRATE JUDGE SMYSER)
COURT OF COMMON PLEAS
ORPHANS COURT, THE SUPERIOR
COURT OF PENNSYLVANIA, THE
SUPREME COURT OF
PENNSYLVANIA and JOHN BELLINO,

    Defendants.

## **MEMORANDUM**

Presently before the Court is Plaintiff's Motion for Reconsideration of the Court's dismissal of his complaint. Because Muhammad failed to demonstrate new evidence, a change in law, or an error, the motion will be denied. The Court also reviews Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2). Because it fails to state a claim upon which relief can be granted, the complaint will be dismissed.

### **I. Background**

**A. Factual Background**

The following is a summation of the facts as alleged in Muhammad's amended complaint, stated in the light most favorable to him:

Plaintiff March Antwain X. Rivers Muhammad, Sr. is a black Muslim with a son named Alonzo. In May of 2002, Muhammad was denied all visitation with Alonzo.

Muhammad challenged this visitation order in court. In March of 2006, while Muhammad was incarcerated, Luzerne County Children & Youth Services (LCCYS) filed a petition to terminate the parental rights of Muhammad in regard to Alonzo. Defendant Vincent Cappellini was appointed as counsel to represent Muhammad during the termination of parental rights proceedings. Defendant John Bellino was appointed as the child's guardian ad litem.

At the hearing, LCCYS caseworker Gerry Lynn Butler testified falsely and withheld documents showing that Muhammad had fully complied with all of LCCYS's requests. In particular, LCCYS falsely represented that Muhammad had not performed any parental duties during his incarceration, had not contributed to the support of Alonzo, had not sent any gifts or cards, and had not complied within the appropriate time period with the court ordered services outlined in his Family Service Plan. That Plan's objectives included drug and alcohol and mental health services, to be provided by the institution in which Muhammad was incarcerated, with a "projected completion date" of May, 2006. Butler received documentation that Muhammad completed alcohol and drug education in March of 2005 and completed a mental health evaluation in November of 2004, but purposely did not bring the records so that she would not have to testify about them. Muhammad had also sent Cappellini copies of these records and requested that Cappellini introduce them as evidence at the hearing, but Cappellini did not. Cappellini also failed to sufficiently cross-examine Butler about the records.

The Luzerne County Court of Common Pleas terminated Muhammad's parental rights. The Common Pleas Court purposely ignored the briefs filed by Muhammad in his own defense. Muhammad appealed the order to the Superior Court of Pennsylvania, on

the grounds that, among other things, Cappellini provided ineffective assistance of counsel. The Superior Court denied Muhammad's appeal without addressing his ineffective assistance of counsel claim. The Supreme Court of Pennsylvania denied Muhammad's petition for allowance of appeal.

The actions of Butler, Cappellini, LCCYS, the Common Pleas Court, and the Superior Court all stemmed from a conspiracy between them to deprive Muhammad of his parental rights. The motivation behind this conspiracy was animus against Muhammad's race and a desire to prevent Muhammad from raising his son as a Muslim.

Muhammad now brings claims against the Defendants Butler, Cappellini, LCCYS, the Common Pleas Court, and the Superior Court under 42 U.S.C. §§ 1985(2) and 1985(3). He brings claims against the Supreme Court under 42 U.S.C. § 1986. Muhammad is seeking one billion dollars in damages.

**B. Procedural History**

Magistrate Judge Smyser reviewed Muhammad's first complaint pursuant to 28 U.S.C. § 1915(e)(2). He recommended that the complaint be dismissed with prejudice. (Doc. 6.)  On July 25, 2011, I issued an order adopting in part and rejecting in part Magistrate Judge Smyser's Report and Recommendations, dismissing the complaint but granting Muhammad leave to amend within twenty-one days. (Doc. 9.)

Muhammad filed a motion for reconsideration of the Court's order on August 4, 2011. (Doc. 12.)  He filed his amended complaint on August 16, 2011. (Doc. 14.)

## II. Discussion

**A. Reconsideration**

### 1. Legal Standard

A motion for reconsideration is governed by Federal Rule of Civil Procedure 59(e), which allows a party to move to alter or amend a judgment within twenty-eight days of the judgment's entry. A party may not use a motion for reconsideration to merely reargue issues that the court has already determined. *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). Reconsideration of judgment is only appropriate where the moving party has demonstrated "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Casualty Co. v. Diversified Indus., Inc.*, 884 F.Supp. 937, 943 (E.D. Pa. 1995).

### 2. Eleventh Amendment

Muhammad first argues that the Court erred in dismissing his claims against LCCCP, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania because Eleventh Amendment immunity does not apply to § 1985 claims. I previously held that because the Eleventh Amendment bars § 1983 claims against state entities, *Benn v. First Jud. Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005), it also bars § 1985 claims against state entities, *Collins v. Sload*, No. 1:CV-99-0829, 212 Fed. App'x 136, 138 (3d Cir. Jan. 8, 2007)

(affirming dismissal of § 1985 claims against defendants because of Eleventh Amendment immunity). Muhammad does not assert any changes in the controlling law or a clear error in the decision to dismiss the claims. He instead presents the same arguments he used in his objection to Magistrate Judge Smyser's report and recommendations, discussing the text and purpose of the Fourteenth Amendment. Therefore, Muhammad does not present any basis upon which a motion for reconsideration on the issue of Eleventh Amendment immunity may be granted.

### 3. Fourteenth Amendment

Muhammad also challenges the dismissal of claims against Defendant Cappellini. In the prior order, I determined that as a court-appointed attorney, Cappelini was not a state actor, *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981), and a party may only bring a § 1983 claim against a state actor, *United States v. Price*, 383 U.S. 787, 794 n.7 (1966). Muhammad now argues that he is not asserting his claims under § 1983, but is actually suing Cappellini directly under the Fourteenth Amendment's Due Process and Equal Protection Clauses. This argument is misguided for several reasons. First, a plaintiff cannot bring suit directly under the Fourteenth Amendment because it does not create a cause of action; it only creates rights. 14A C.J.S. Civil Rights § 323; *see also Hughes v. Bedsole*, 48 F.3d 1376, 1383 n.6 (4th Cir. 1995). To enable individuals to enforce the rights created by the Constitution, Congress enacted 42 U.S.C. § 1983 as a federal cause of action. *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 755 (2005); *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001). But even if the Fourteenth Amendment created a cause of action, Muhammad could still not sue Cappellini for a Fourteenth

5

Amendment violation because the Fourteenth Amendment only prohibits actions by a state actor.  U.S. Const. amend. XIV, § 1 ("No *state* shall . . . deprive any person of life, liberty or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.") (emphasis added).  Because there was no error of law in the decision to dismiss the claims against Cappellini, Muhammad's motion for reconsideration of that issue will be denied.

**B. Review Under § 1915(e)(2)**

I must also review Muhammad's amended complaint pursuant to § 1915(e)(2) of the Prison Litigation Reform Act (PLRA).  The PLRA provides that when a plaintiff is proceeding *in forma pauperis*:

> [T]he court shall dismiss the case at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

28 U.S.C. § 1915(e)(2).

**1. Legal Standard for Failure to State a Claim**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element, *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).  The pleading standard of Federal Rule of Civil Procedure 8 does not require

"detailed factual allegations," but "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1959 (2009) (quoting *Twombly*, 550 U.S. at 555). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

Thus, when determining the sufficiency of a complaint, a court must undertake a three-part inquiry. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). The inquiry involves: "(1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Id.* Although the standards of pleading are more liberal for *pro se* litigants like Muhammad, "*pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim." *Ireland v. McDaniel*, No. 10-387, 2011 WL 860390, at *2 (W.D. Pa. Jan. 27, 2011) (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996).

**2. State Action & Immunity**

Muhammad's amended complaint asserts claims against several Defendants who are immune from suit. As noted above and in the previous order, the Eleventh Amendment bars § 1985 suits against state entities such as the Court of Common Pleas and the Superior Court. *See Benn*, 426 F.3d at 241*; Collins*, 212 Fed. App'x at 138. The claims against these Defendants will be dismissed with prejudice. Because § 1986 creates a cause of action against those who fail to prevent a conspiracy under § 1985, it stands to

reason that Eleventh Amendment immunity would also apply to § 1986.  Therefore, the claims against the Supreme Court will be dismissed with prejudice.  Finally, Muhammad again alleges claims against Bellino.  As established in the previous order, Bellino was acting in a judicial capacity as a guardian *ad litem*, *Hughes v. Long*, 242 F.3d 121, 127 (3d Cir. 2001), and is therefore protected by judicial immunity, *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).  Therefore, the claims against Bellino will be dismissed with prejudice.

### 3. Section 1985

Muhammad's remaining claims are §§ 1985(2) and 1985(3) claims against Butler, Cappellini, and LCCYS.  To state an obstruction of justice claim under § 1985(2), a plaintiff must allege "a conspiracy with the purpose of impeding, hindering, or obstructing, or defeating in any manner, the due course of any justice in any State or Territory, with intent to deny any citizen the equal protection of the laws."  42 U.S.C. § 1985(2).  The plaintiff must also allege a "class-based, invidiously discriminatory animus." *Brawer v. Horowitz*, 535 F.2d 830, 840 (3d Cir. 1976).  To state a claim under § 1985(3), a plaintiff must allege:

> (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

*Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997); *see also Griffin v. Breckenridge*, 403 U.S. 88, 102-03 (1971).

Muhammad fails to state a claim under §§ 1985(2) or 1985(3) because he does not plead an actual agreement between the parties.  "To constitute a conspiracy, there must be a 'meeting of the minds.'" *Startzell v. City of Phila.*, 533 F.3d 183, 205 (3d Cir. 2008)

(quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)).  Muhammad does not allege any fact indicating that Butler, Cappellini, and LCCYS communicated together or came to any agreement to conspire against him.  Instead, Muhammad merely asserts that the parties conspired, which is a conclusory statement insufficient to meet the pleading standards set out by the Supreme Court in *Twombly*, 550 U.S. 544, or *Iqbal*, 129 S. Ct. 1937.  Because Muhammad failed to plead enough facts to state a plausible claim for conspiracy under §§ 1985(2) or 1985(3), his claims will be dismissed.  As this was Muhammad's second attempt to state a claim for conspiracy upon which relief can be granted, giving him leave to amend a second time would be futile–especially given Muhammad's disregard of the previous order's dismissal of claims against the state entities.  *See Massarsky v. Gen. Motors Corp.*, 706 F.2d 111, 125 (3d Cir. 1983) (holding that a district court may deny leave to amend where it would be futile).

## **CONCLUSION**

For the reasons stated above, Muhammad's motion for reconsideration will be denied and his amended complaint will be dismissed with prejudice.

| | |
|---|---|
| September 28, 2011 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARC ANTWAIN X. RIVERS MUHAMMAD, SR.,

    Plaintiff,

        v.

GERRY LYNN BUTLER, VINCENT CAPPELLINI, LUZERNE COUNTY CHILDREN & YOUTH SERVICES, LUZERNE COUNTY COURT OF COMMON PLEAS ORPHANS COURT, THE SUPERIOR COURT OF PENNSYLVANIA, THE SUPREME COURT OF PENNSYLVANIA and JOHN BELLINO,

    Defendants.

CIVIL ACTION NO. 3:10-CV-2374

(JUDGE CAPUTO)

(MAGISTRATE JUDGE SMYSER)

## ORDER

**NOW**, this   28th   day of September, 2011, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion for Reconsideration (Doc. 12) is **DENIED.**

(2) Plaintiff's Amended Complaint (Doc. 14) is **DISMISSED WITH PREJUDICE.**

(3) The Clerk of Court is directed to mark the case as **CLOSED.**

                                            /s/ A. Richard Caputo
                                            A. Richard Caputo
                                            United States District Judge