# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARC ANTWAIN X. RIVERS MUHAMMAD, SR., <br><br> Plaintiff, <br><br> v. <br><br> VINCENT CAPPELLINI, *et al.*, <br><br> Defendants. | CIVIL ACTION NO. 3:10-CV-2374 <br><br> (JUDGE CAPUTO) <br><br> (MAGISTRATE JUDGE SMYSER) |

## MEMORANDUM

Presently before the Court is a "Motion for Federal Injunctive Relief & Damages Pursuant to § 1983" filed by Plaintiff Marc Antwain X. Rivers Muhammad, Sr. (Doc. 24.) The Court will construe the motion, which raises new claims against new individuals under 42 U.S.C. § 1983,[1] as a complaint and review it pursuant to 28 U.S.C. § 1915(e)(2).[2] The Court will deny the motion and dismiss all claims raised therein on immunity grounds.

## BACKGROUND

This case stems from a state court parental termination action involving Mr. Muhammad and his minor son, Alonzo Allen. In 2002, while Mr. Muahmmad was incarcerated, Luzerne County Children and Youth Services ("LCCYS") took custody of Alonzo and placed him in foster care. Mr. Muhammad sought contact with Alonzo and underwent drug and alcohol education and violence prevention training, as recommended by LCCYS. In March 2006, LCCYS filed a petition in the Luzerne County Court of Common Pleas Orphan's Court Division ("LCCCP") for involuntary termination of Mr. Muhammad's

---

[1] 42 U.S.C. § 1983 states, "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage . . . subjects, or causes to be subjected, any citizen . . . or any other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."

[2] A complaint filed *in forma pauperis* may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

parental rights to Alonzo. Vincent Cappellini, Esq. was appointed as counsel to represent Mr. Muhammad during the termination of parental rights proceedings. John Bellino, Esq. was appointed as Alonzo's guardian ad litem. On June 21, 2007, the LCCCP entered a final decree terminating Mr. Muhammad's parental rights. Mr. Muhammad unsuccessfully appealed the order to the Superior Court of Pennsylvania and then to the Supreme Court of Pennsylvania. Alonzo was subsequently adopted by his foster parents.

On November 17, 2010, Mr. Muhammad commenced this action by filing a *pro se* Complaint against Mr. Cappelini, Mr. Bellino, LCCYS, the LCCCP, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania. (Doc. 1.) He asserted claims under 42 U.S.C. §§ 1983, 1985(2)–(3) and the Sixth and Fourteenth Amendments to the United States Constitution. (*Id.*) As relief, he sought: a judgment declaring that Mr. Cappelini provided ineffective assistance of counsel during the state court termination of parental rights proceedings; an order vacating the termination of his parental rights, vacating the adoption of Alonzo, and granting him physical and legal custody of Alonzo; and nominal, compensatory, and punitive damages. (*Id.*)

In a Report and Recommendation ("R & R") dated December 8, 2010, Magistrate Judge J. Andrew Smyser reviewed the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and recommended that it be dismissed. (Doc. 6.) In a Memorandum and Order dated July 25, 2011, the Court adopted the R&R in part and rejected it in part. (Doc. 9.) The Court dismissed all of Mr. Muhammad's claims on grounds of immunity[3] and failure to state a claim upon which relief could be granted.[4] The Court granted Mr. Muhammad leave to

---

[3] The Court found that the Eleventh Amendment to the United States Constitution barred Mr. Muhammad from filing suit against LCCCP, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania. (Doc. 9 at 7.) It also found that absolute judicial immunity extended to Mr. Bellino, Alonzo's guardian ad litem (*Id.* at 8). In addition, the Court found that Mr. Muhammad's appointed counsel in the termination of parental rights proceedings, Mr. Cappellini, was immune from suit under § 1983 because he was not a state actor. (*Id.* at 8–9.)

[4] The Court found that Mr. Muhammad's § 1983 claim for damages against LCCYS and § 1985 claim for damages against Mr. Cappellini and LCCYS failed

2

amend his Complaint because his claims under § 1983, § 1985(2), and § 1985(3) could be amended so that they state a claim upon which relief could be granted. (*Id.* at 10.)

Mr. Muhammad filed a Motion for Reconsideration of the Court's July 25, 2011 Order on August 4, 2011. (Doc. 12.) He also filed his Amended Complaint on August 16, 2011, which brought claims against LCCYS caseworker Gerry Lynn Butler, Mr. Cappellini, LCCYS, the LCCCP, and the Superior Court of Pennsylvania under 42 U.S.C. §§1985(2) and 1985(3) and claims against the Supreme Court of Pennsylvania under 42 U.S.C. § 1986. (Doc. 14.) On September 29, 2011, the Court denied the Motion for Reconsideration and dismissed the Amended Complaint with prejudice on grounds of immunity and failure to state a claim upon which relief could be granted. (Doc. 15.) The Court's decision to dismiss Mr. Muhammad's Amended Complaint was upheld on appeal. *See Muhammad v. Cappellini*, 477 F. App'x 935 (3d Cir.), *cert. denied*, 133 S.Ct. 478 (2012).

Mr. Muhammad filed his "Motion for Federal Injunctive Relief & Damages Pursuant to § 1983" on March 20, 2013. (Doc. 24.) He alleges in his motion that the LCCCP and former LCCCP judge Michael Conahan, who presided over the termination of parental rights proceedings, violated 42 U.S.C. § 1983[5] by depriving him of his Fourteenth Amendment Due Process rights and First Amendment rights of free speech, access to the courts, and petitioning the government for redress of grievances while acting under color of state law. (*Id.* at 9–14.) He also alleges that the Superior Court of Pennsylvania and its judges who reviewed the termination of his parental rights on direct appeal—the Honorable Kate Ford Elliott, the Honorable Jacqueline O. Shogan, and the Honorable Robert E. Colville—violated § 1983 by depriving him of his Fourteenth Amendment Due Process rights while acting under color of state law by failing to address the merits of his ineffective assistance of

---

to state a claim upon which relief can be granted. (Doc. 9 at 9–10.)

[5] To prevail in an action under 42 U.S.C. § 1983, a plaintiff must demonstrate: (1) a violation of a right secured by the Constitution or laws of the United states, and (2) that the alleged deprivation was committed by a person acting under color of state law. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000); *Moore v. Tartler*, 986 F.2d 682, 685 (3d Cir. 1993).

3

counsel claim. (*Id.* at 4–8.) Mr. Muhammad seeks "injunctive relief" that would vacate LCCCP's order terminating his parental rights and the Superior Court of Pennsylvania order affirming that decision. (*Id.* at 15.) He also seeks "injunctive relief" that would vacate the sealed adoption proceedings in which Alonzo Allen was adopted and immediately give him primary physical and legal custody of Alonzo. (*Id.*) Finally, Mr. Muhammad seeks damages of $50 million from the Defendants. (*Id.* at 16.)

## DISCUSSION

### I. Eleventh Amendment Immunity

In his motion, Mr. Muhammad alleges that the LCCCP and the Superior Court of Pennsylvania violated his constitutional rights while acting under color of state law. These § 1983 claims, like the § 1983 claims that he has previously raised against these entities in this action, must be dismissed. The Supreme Court of the United States has interpreted the Eleventh Amendment to the United States Constitution as precluding suits by citizens against a state government. *See, e.g., Edelman v. Jordan*, 415 U.S. 662–63 (1974); *see also* U.S. Const. amend. XI. The Eleventh Amendment also bars suits against state entities, including Pennsylvania state courts. *Benn v. First Jud. Dist. Of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005). The Supreme Court has rejected the idea that the Eleventh Amendment does not apply to § 1983 suits. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). Therefore, the Eleventh Amendment bars Mr. Muhammad from filing suits against the LCCCP and the Superior Court of Pennsylvania. His claims against these entities will be dismissed.

### II. Judicial Immunity

Mr. Muhammad also alleges in his motion that former LCCCP judge Michael Conahan, who presided over the termination of parental rights proceedings, and the three Superior Court of Pennsylvania judges who reviewed the decision on direct appeal—the Honorable Kate Ford Elliott, the Honorable Jacqueline O. Shogan, and the Honorable Robert E. Colville—deprived him of his constitutional rights while acting under color of state law in violation of § 1983. He seeks sizable monetary damages from these individuals.

Under the doctrine of absolute judicial immunity, a plaintiff may not sue a judicial

4

defendant for money damages based on actions taken within the defendant's judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). For judicial immunity to apply, only two requirements must be met: (1) jurisdiction over the dispute, and (2) a judicial act. *Wallace v. Powell*, No. 3:09-CV-286, 2009 WL 4051974, at *7 (M.D. Pa. Nov. 20, 2009). As to the first prong, a judge is not immune only when he has acted in the "clear absence of all jurisdiction." *Stump*, 435 U.S. at 357 (citation omitted). As to the second prong, judicial immunity extends only to "judicial acts," not administrative, executive, or legislative ones. *Id.* at 360–61.

"[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." Stump, 435 U.S. at 356 (citation omitted). The fact that the judge was incorrect about the status of jurisdiction or that there were procedural errors causing the judge to act without jurisdiction does not satisfy the requirements for defeating immunity. *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 771 (3d Cir. 2000).

In determining whether an act is judicial, "it is appropriate to consider 'the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge,' and 'the expectations of the parties, *i.e.*, whether they dealt with the judge in his official capacity.'" *Wallace*, 2009 WL 4051974, at *7 (quoting *Stump*, 435 U.S. at 362). "Acts which are traditionally done by judges include issuing orders, resolving cases and controversies, making rulings, and sentencing criminal defendants. Other actions such as sending a fax, or hiring and firing subordinates, have been found to be adminisrative, rather than judicial, acts. Note, however, that even if an act is not judicial, there may still be immunity if the act is legislative or executive in nature." *Id.*

### A. Mr. Conahan

Mr. Muhammad alleges that Mr. Conahan, while acting under color of state law as a LCCCP judge, violated § 1983 by depriving him of his Fourteenth Amendment Due Process rights and First Amendment rights of free speech, access to the courts, and petitioning the government for redress of grievances. His allegations are based on Mr. Conahan's conduct during the termination of parental rights hearing held in April 2007. The

5

hearing transcript shows that Mr. Cappellini, at the end of his direct examination of Mr. Muhammad, asked if there was anything else that Mr. Muhammad wished to tell the court. (Doc. 24, Ex. B, at 72:18–19.) Mr. Muhammad responded that he had a question that he wished to ask the court, but was then interrupted by Mr. Conahan before he could ask his question. (*Id.* at 72:20–25.) Mr. Conahan stated, "Time out. We're not doing this. Time out. Stop." (*Id.* at 72:24–25.) Mr. Muhammad was also informed by Mr. Cappellini that he needed to stop. (*Id.* at 73:1.) Mr. Conahan then stated, "It's questions and answers. He's not going to get a dialogue or a free speech here. I have read all the briefs. I've read all the pleadings. It's questions and answers. So, if you don't have any other questions, we'll go to Cross." (*Id.* at 73:2–6.) Mr. Muhammad emphasizes Mr. Conahan's use of the phrase "free speech" as evidence of the denial of his First Amendment rights.

Under 42 PA. CONS. STAT. § 931(a), "the courts of common pleas shall have unlimited jurisdiction of all actions and proceedings by law and usage in the court of common pleas." The complained-of courtroom actions of Mr. Conahan were not taken in "clear absence of all jurisdiction." In addition, Mr. Conahan acted in his official capacity as a LCCCP judge when he attempted to maintain order during a hearing he was presiding over—a "judicial" function traditionally performed by judges. Because Mr. Conahan had jurisdiction over Mr. Muhammad's termination of parental rights action and performed a judicial act while presiding over the action, both prongs of the judicial immunity inquiry are satisfied. Therefore, because Mr. Muhammad has filed suit against Mr. Conahan for damages based on actions taken while acting in his judicial capacity, Mr. Conahan has absolute immunity from suit in this matter and all claims against him will be dismissed.

**B. Judge Ford Elliott, Judge Shogan, and Judge Colville**

Mr. Muhammad also alleges that Judge Ford Elliott, Judge Shogan, and Judge Colville, the three Superior Court of Pennsylvania judges who reviewed the termination of his parental rights on direct appeal, violated § 1983 by depriving him of his Fourteenth Amendment Due Process rights, while acting under color of state law, by not addressing the merits of his ineffective assistance of counsel claim.

Under 42 PA. CONS. STAT. § 742, "[t]he Superior Court shall have exclusive jurisdiction of all appeals from final orders of the courts of common pleas . . . except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court." As the final order terminating Mr. Muhammad's parental rights does not fall within the classes of appeals that are within the exclusive jurisdiction of the Supreme Court of Pennsylvania, as enumerated in 42 PA. CONS. STAT. § 722, or the Commonwealth Court of Pennsylvania, as listed in 42 PA. CONS. STAT. § 762, the Superior Court—and, by extension, Judge Ford Elliott, Judge Shogan, and Judge Colville—had exclusive jurisdiction over his appeal. By issuing an order and making a ruling to resolve a case or controversy, these judges performed a "judicial" act which was not taken in "clear absence of all jurisdiction." Because Judge Ford Elliott, Judge Shogan, and Judge Colville had appellate jurisdiction over the termination of parental rights action and performed a judicial act by issuing an order and ruling on the matter, both prongs of the judicial immunity inquiry are satisfied. Therefore, because Mr. Muhammad has filed suit against Judge Ford Elliott, Judge Shogan, and Judge Colville for damages based on actions taken while acting in their judicial capacity, they have absolute immunity from suit in this matter and all claims against them will be dismissed.

Accordingly, because all individuals or entities against whom Mr. Muhammad has brought § 1983 claims for damages are immune from suit in this matter, the claims will be dismissed and the motion will be denied.[6]

---

[6] If Mr. Muhammad's motion, which raises new § 1983 claims against new individuals and is more properly construed as a complaint, had been filed as a complaint in a separate action, it would have been reviewed pursuant to 28 U.S.C. § 1915(e)(2). The Court has denied the motion and dismissed the claims brought therein as it would dismiss a complaint filed *in forma pauperis* that fails to state a claim on which relief may be granted or seeks damages from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). The Court also notes that had it construed the motion as one for a preliminary injunction and reviewed it under the applicable standard, the motion would have been denied because Mr. Muhammad cannot show a reasonable likelihood of success on the merits of his § 1983 claims for the above stated reasons. *See Crissman v. Dover Downs Entertainment, Inc.*, 239 F.3d 357, 364 (3d Cir. 2001)

## **CONCLUSION**

For the above stated reasons, Mr. Muhammad's "Motion for Federal Injunctive Relief & Damages Pursuant to § 1983" (Doc. 24) will be denied and all claims therein will be dismissed.

An appropriate order follows.

March 27, 2013  /s/ A. Richard Caputo
Date  A. Richard Caputo
 United States District Judge

---

("A court ruling on a motion for preliminary injunction must consider the following four factors: 1) whether the movant has shown a reasonable probability of success on the merits; 2) whether the movant will be irreparably injured by denial of the relief; 3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and 4) whether granting the preliminary relief will be in the public interest.") (internal citations omitted).